IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF MISSOURI

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>BETTER FAMILY LIFE, INC.,<br><br>      Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of pregnancy, and to provide appropriate relief to Shante Davis who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, Better Family Life, Inc. failed and refused to hire Shante Davis because she was pregnant.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Better Family Life, Inc., has continuously been a Missouri corporation doing business in the State of Missouri and the City of St. Louis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Shante Davis filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2009, Defendant has engaged in unlawful employment practices at its facility in St. Louis, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Defendant contacted Shante Davis in January 2009 and offered her a job as Employment Lead Trainer. She accepted the job and then told Defendant that she was pregnant. Defendant then rescinded the job offer because of her pregnancy.

8.     The effect of the practice(s) complained of in paragraph 7 above has been to deprive Shante Davis of equal employment opportunities and otherwise adversely affect her status as an applicant/employee because of her pregnancy.

9.     The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Shante Davis.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in and any other employment practice which discriminates on the basis of pregnancy.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant applicants and employees and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Shante Davis, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to hiring Shante Davis.

D.     Order Defendant to make whole Shante Davis, by providing compensation for past and future pecuniary losses resulting from the unlawful employment

practices described in paragraph 7 above, including medical expenses, in amounts to be determined at trial.

E.   Order Defendant to make whole Shante Davis by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, humilition, and loss of enjoyment of life, in amounts to be determined at trial.

F.   Order Defendant to pay Shante Davis punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Barbara A. Seely
BARBARA A. SEELY
Regional Attorney

4

        /s/ C. Felix Miller
        C. FELIX MILLER
        Supervisory Trial Attorney


        /s/ Jan Shelly
        JAN SHELLY
        Senior Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        St. Louis District Office
        Robert A. Young Federal Bldg.
        1222 Spruce, Room 8.100
        St. Louis, MO  63103
        (314) 539- 7918